UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT NJOS,
        Petitioner,

        v.

WARDEN THOMAS,
        Respondent.

CIVIL ACTION NO. 3:14-CV-766

(Judge Kosik)

**MEMORANDUM**

    Before the court are Petitioner's Objections (Doc. 39) to a Report and Recommendation of Magistrate Judge Martin C. Carlson filed on September 1, 2015 (Doc. 38), recommending that the Petition for Writ of Habeas Corpus be denied, and that a Certificate of Appealability should not issue[1].  For the reasons which follow, we will decline to adopt the Report and Recommendation of the Magistrate Judge.

BACKGROUND

    Petitioner, Scott Njos, an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania, filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on April 21, 2014.  A Response to the Petition (Doc. 11) was filed on June 10, 2014.  Petitioner filed a Traverse (Doc. 13) on June 17, 2014.  On July 7, 2014, Petitioner filed a Motion to Clarify and Amend by Add-On (Doc. 14), which was granted by the Court.  A Supplemental Response (Doc. 17) was filed on August 14, 2014.  Petitioner filed a Traverse (Doc. 18) on August 22, 2014.  On June 15, 2015, Petitioner filed a Second Supplemental Pleading (Doc. 34) with Exhibits (Doc. 35).

    On September 1, 2015, the Magistrate Judge filed a Report and

---

[1] The Magistrate Judge also granted Petitioner's Motion to Supplement the Petition (Doc. 25), denied Petitioner's Motion for Transcripts (Doc. 26), and dismissed the Motion to Expedite (Doc. 32) as moot.

Recommendation, wherein he recommended that the Petition for Writ of Habeas Corpus be denied and that a Certificate of Appealability should not issue. Petitioner filed Objections to the Report and Recommendation (Doc. 39) on September 17, 2015. On September 28, 2015, a Response was filed to Petitioner's Objections (Doc. 41). Petitioner filed a Response to the Response on October 7, 2015 (Doc. 42).

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In his Report and Recommendation, the Magistrate Judge found that the matters raised in the instant case do not set forth a cause of action for habeas relief under 28 U.S.C. §2241. Specifically, the Magistrate Judge determined that Petitioner's complaints attacking the conditions of his confinement, his complaints about his medical care, or the fact of his placement at Lewisburg Penitentiary do not sound in habeas in that Petitioner is not attacking the fact, duration or lawfulness of his custody. In addressing Petitioner's argument that he is entitled to habeas corpus relief under §2241, because his complaints involve the "execution of his sentence" since the sentencing judge recommended that Petitioner should participate in comprehensive drug abuse and mental health treatment programs, the Magistrate Judge found the alleged discrepancy between the sentencing court's

recommendation and the Bureau of Prisons' conduct in Petitioner's placement did not give rise to a habeas claim in Petitioner's case.

In his Objections, Petitioner argues that the only relief he is seeking is: (1) the alteration of his sentence; or (2) the overturning of his sentence.  Petitioner next discusses the sentencing considerations mandated in 18 U.S.C. §3553(a) upon a sentencing judge.  The Petitioner then discusses his sentencing judge's recommendation that he participate in comprehensive drug abuse and mental health treatment programs.  Petitioner asserts that the Bureau of Prison's execution of his sentence did not include comprehensive drug abuse and mental health treatment programs and is inconsistent with the express sentencing recommendation.

The threshold question addressed by the Magistrate Judge, and which must be addressed by this court, is whether Petitioner's claim may appropriately be brought under 28 U.S.C. §2241, because he is challenging the execution of his sentence.  After reviewing case law, in conjunction with the documents submitted in this action, we disagree with the Magistrate Judge's conclusion that the claim made by Petitioner does not sound in habeas.  In the instant action, the sentencing court recommended to the Bureau of Prisons that: "Defendant should participate in comprehensive drug abuse and mental health treatment programs." (Doc. 1, Ex. G; Doc. 35, Exhibits).

The Court of Appeals for the Third Circuit has held that §2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." (citation omitted). Woodall v. Fed Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  While "the precise meaning of 'execution of the sentence' is hazy, the Court of Appeals has defined execution to mean 'to put into effect' or 'carry out'" Woodall at 242-243.  To challenge the execution of sentence under §2241, a Petitioner would need to allege that the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).  In the

instant action, Petitioner has alleged that the BOP's conduct was inconsistent with the express recommendation in his sentencing judgment that he should participate in comprehensive drug and mental health treatment programs.

While the Magistrate Judge and Respondent cite to Brown v. Bledsoe, 405 F App'x. 575 (3d Cir. 2011), we note that Brown was decided prior to Cardona, which clarified the term "execution of sentence." In Cardona, the Court discussed several cases, which dealt with the execution of a sentence and whether the claim could be brought under 28 U.S.C. §2241. The Court reiterated its definition of execution of sentence as meaning "to 'put into effect' or 'carry out'". Cardona, 681 F. 3d at 536 citing Woodall, 432 F. 3d at 243. The Court went on to hold that when a Petitioner is challenging the inconsistency between the sentencing court's recommendation and the BOP's refusal to abide by that recommendation, i.e. Petitioner claims that the BOP was not "carrying out" his sentence as directed, the petition is reviewable under §2241. Cardona, 681 F. 3d at 536-537.

As in the cases outlined in Cardona, Petitioner is alleging that the BOP's conduct is inconsistent with a command or recommendation in the sentencing judgment. While the Cardona court does say that there may be circumstances where an alleged discrepancy between a court's recommendation and the BOP's conduct do not give rise to a habeas claim, Cardona, 681 F. 3d at 537, n.7, we do not believe that is the circumstance here. Attached as Exhibit G to the Petitioner's petition and as Exhibits to the Second Supplemental Pleading (Doc. 35) are Judgments filed by the United States District Court for the Northern District of Illinois, which expressly state that the court recommends to the BOP that: "Defendant should participate in comprehensive drug abuse and mental health treatment programs." Petitioner alleges that such programs exist in the federal prison system and that the BOP's conduct conflicts with the recommendation of the sentencing court.

Because Petitioner claims that the BOP's conduct is not consistent with a recommendation in his sentencing judgment and concerns the execution of his

-4-

sentence, we believe that Petitioner's claims were properly brought in a habeas petition under 28 U.S.C. §2241.  While the Magistrate Judge has briefly addressed Petitioner's claims in the Report and Recommendation (Doc. 38, pp. 9-11), we will refer the action to the Magistrate Judge for further consideration of the merits of Petitioner's claims.  An appropriate Order follows.