UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

SCOTT J. NJOS,

       Petitioner,

       v.

WARDEN THOMAS,

       Respondent.

Civil Action No. 3:14-CV-0766

(Judge Kosik)

## **MEMORANDUM**

Before the Court for disposition is Respondent's Motion for Reconsideration (Doc. 96) of this Court's December 9, 2016 Order (Doc. 95), Petitioner's Motion for Costs (Doc. 98), and Objections (Doc. 101) to this Court's December 9, 2016 Order (Doc. 95).

### I. BACKGROUND

We provide a brief procedural background for the parties. On June 27, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. 87) on Petitioner's amended habeas petition (Doc. 57). After a brief stay of proceedings (Doc. 92) was lifted (Doc. 94), this Court issued the December 9, 2016 Order (Doc. 95), adopting in part and denying in part, the Magistrate Judges Recommendation. In our Order, we granted Petitioner's writ of habeas corpus to the extent that the Bureau of Prisons ("BOP") has not considered, in good faith, the 18 U.S.C. § 3621(b) factors in its exercise of discretion in Petitioner's prison transfers.

On December 23, 2016, Respondents filed a motion for reconsideration and brief in support (Docs. 96 and 97), asking this Court to reconsider our December 9, 2016 Order. Then, on December 28, 2016, Petitioner simultaneously filed a motion for costs, court fees and calculated interest (Doc. 98), a document styled "objections" (Doc. 101) to the Order, and finally, an appeal (Doc. 102). These matters are now ripe for disposition, and we address each in turn.

## II. DISCUSSION

### a. Respondent's Motion For Reconsideration

Respondent brings its current motion for reconsideration pursuant to Federal Rules of Civil Procedure, Rule 59(e).  Respondent argues that the Court has made an error of fact because the Court's December 9, 2016 Order came after Petitioner was already transferred from Lewisburg SMU (Special Management Units) to the United States Penitentiary Florence Administrative Maximum Facility (USP Florence ADMAX), in Colorado.  Therefore, Respondent contends that the issue Petitioner complains of is moot because he is no longer imprisoned at Lewisburg SMU.

The scope of a motion under Rule 59(e) "is extremely limited."  Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.

Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

We do not agree with Respondent's contention that simply because Petitioner has subsequently been transferred to another prison after his filing of his habeas petition, that his petition is moot. When Petitioner filed his petition, he was incarcerated at Lewisbrug SMU, a federal prison within the Middle District of Pennsylvania. Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of Petitioner. See McClure v. Hopper, 577 F.2d 938, 939-40 (5th Cir. 1978); Jones v. Cunningham, 371 U.S. 236, 243-44 (1963); Ex parte Catanzaro, 138 F.2d 100, 101 (3d Cir. 1943) ("[W]e do not believe that passing about of the body of a prisoner from one custodian to another after a writ of habeas corpus has been applied for can defeat the jurisdiction of the Court to grant or refuse the writ on the merits of the applications.").

Moreover, the basis of Petitioner's argument is that the BOP failed to consider the 18 U.S.C. § 3621(b) factors, including the sentencing judge's recommendation, in each of his prison transfers. Thus, his petition is not limited merely to Lewisburg SMU. Accordingly, since Respondent's motion does not set forth any intervening change in the controlling law, produce any evidence which was not previously in existence and available to it, or prove that altering or amending the judgment is necessary to correct a clear error of law or fact, we will deny the motion.

### b. Petitioner's Objections

We now turn to what Petitioner styles "Objections" pursuant to Rule 46 of the Federal Rules of Civil Procedure (Doc. 101) to the December 9, 2016 Order (Doc. 95). However, Rule 46 of the Federal Rules of Civil Procedure is not a vehicle for raising post judgment challenges. Rather, the rule codifies the common practice of requiring a party to raise timely

objections during trial and other trial-like proceedings to challenge:

> an extremely wide range of judicial rulings on evidence, including the formulation of the issues for trial, the content of various arguments of counsel for either side, the submission of the case to the jury, the interrogation and qualification of prospective jurors, and all of the other various events that can occur throughout the typical trial.

Wright & Miller, Federal Practice & Procedure: Civil 3d § 2472.

Other rules apply to challenge a dismissal order or judgment. Specifically, Rules 59(e) and 60 both provide direct avenues for post judgment relief. See Fed. R. Civ. Proc. 59(e) and 60; Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989) (because Rule 59(e) motions are the type of motions that ought to be ruled on by the district court before jurisdiction passes to the court of appeals, "a postjudgment motion will be considered a Rule 59(e) motion where it involves reconsideration of matters properly encompassed in a decision on the merits.") (internal citations omitted).

Additionally, when a party files a post judgment motion within 28 days, lodging substantive challenges to a decision on the merits, the motion is treated as one brought under Rule 59(e). See Locke v. Uber, Civ. No. 12-1524, 2015 WL 5008959, at *1 (M.D. Pa. Aug. 20, 2015); Sheard v. Pa, Civ. No. 15-0612, 2015 WL 4393608, at *1 (M.D. Pa. Jul. 16, 2015). Therefore, Petitioner's "Objections" which challenge matters encompassed within the merits of the judgment entered in this case, being filed within 28 days, will be considered under Rule 59(e).

Having set forth the legal principles for Rule 59(e) *supra*, we now address Petitioner's arguments. Petitioner does not set forth any intervening change in the controlling law or produce any evidence which was not previously in existence and available to him. Rather, we interpret Petitioner's motion to argue that reconsideration is necessary to correct a clear error of law or fact. However, in review of Petitioner's filing, we conclude that it is an attempt to reargue unsuccessful theories already disposed of by this Court and will decline to grant the same.

However, for the sake of clarity and completeness, we will briefly address Petitioner's arguments that his Administrative Procedures Act ("APA"), 5 U.S.C. § 702 and request for declaratory judgment were not adjudicated. The Court notes that in Petitioner's controlling Petition, the "Comprehensive Verified Amended Petition" (Doc. 57), he fails to mention or request any sort of declaratory relief, let alone even a conclusory statement that he is attempting to make a claim within the meaning of the Declaratory Judgment Act ("DJA"). Moreover, district courts have discretion to hear a declaratory judgment and can decline to do so "[w]here the substantive suit would resolve the issues raised by the declaratory judgment action, ... because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749 (7th Cir. 1987); see Wilton v. Seven Falls Co., 515 U.S. 277 (1995).[1] Therefore, even if Petitioner had pled a cognizable claim under the DJA, it would serve no useful purpose as Petitioner has already filed a habeas petition seeking a remedy.

Finally, we address Petitioner's argument that his APA request was not adjudicated. Petitioner's request under the APA fails for a number of reasons. First, this "request" by Petitioner has already been disposed of by this Court. Specifically, in this Court's March 11, 2015 Order (Doc. 31), we denied Petitioner's request for review pursuant to the APA until it was determined whether the instant matter was properly filed as a habeas action. (Doc. 31, n. 1). By Order dated October 21, 2015 (Doc. 44), this Court determined that Petitioner's claims fell within the ambit of a § 2241 habeas petition. (Doc. 44). Therefore, Petitioner's request

---

[1] There are generally two scenarios when a plaintiff can seek declaratory relief:

> (1) The controversy has ripened to a point where one of the parties could invoke a coercive remedy (i.e., a suit for damages or an injunction) but has not done so; and (2) Although the controversy is real and immediate, it has not ripened to such a point, and it would be unfair or inefficient to require the parties to wait for a decision.

Tempco Elec. Heater Corp., 819 F.2d at 749; see Borchard, Declaratory Judgments 299 (2d ed. 1941).

5

under the APA has already been *ipso facto* disposed of by this Court.

However, assuming *arguendo* that such a request was still before this Court, the same would be denied as Petitioner failed to plead a cognizable claim under the APA.  First, Petitioner fails to provide any support, either factual or legal, throughout his petition, that would entitle him to have his claim heard under the APA.  Simply providing a conclusory statement in the prayer for relief, without a scintilla of support in his petition, simply will not do.  Second, by statute, the BOP's decision to assign prisoners to certain prisons is not subject to judicial review under the APA.  18 U.S.C. § 3625 ("the provisions of ... 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621 - 26].") see Burnam v. Marberry, Civ. No. 07-0097, 2008 WL 4190785, at *7 (W.D. Pa. Sept. 10, 2008) (concluding, alternatively, that the BOP's "discretionary responsibilities regarding the designation of an inmate's place of imprisonment, and any subsequent transfers, bestowed on it under 18 U.S.C. § 3621(b)" is not "subject to judicial review" under the APA), *aff'd*, 313 Fed. Appx. 455 (3d Cir. 2009).  Petitioner's remedy, therefore, lies in his habeas action, and not a claim under the APA.  See Perez v. Lappin, 672 F. Supp. 2d 35, at *44 (D.D.C.  Nov. 30, 2009).  Accordingly, Petitioner is not entitled to review under the APA.

### c. Petitioner's Motion for Costs

We now turn to Petitioner's motion for costs (Doc. 98).  Petitioner seeks costs pursuant to Federal Rules of Civil Procedure, Rule 54 and 28 U.S.C. § 1920.  Rule 54 provides in part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The "costs" which may be recovered under Rule 54(d)(1) are specified in 28 U.S.C. § 1920.  Local Rule 55.4 outlines the taxation of costs and provides, in pertinent part, that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. §§ 1920-1923 ...."  Costs recoverable under Section 1920 are:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Respondent objects to all of Petitioner's items included in his bill of costs, claiming that Petitioner's items: (1) do not fall within section 1920's prescribed list, (2) fails to allege with specificity whether the expenses he and others incurred were solely for exhibits as required by M.D. Pa. Local Rule 54.4, (3) that the expenses were not directly incurred by him, but rather, by others, and (4) fails to provide the necessary verification of his expenses and complete itemized breakdown of the items requested to be taxed.

At this juncture, given that Petitioner has filed an appeal, we will deny without prejudice Petitioner's motion for costs to refile after resolution of the appeal. See In re: Chocolate Confectionary Antitrust Litig., Civ. No. 08-1935, 2015 WL 8536792 (M.D. Pa. Dec. 11, 2015) (deferring motion for costs pending appeal).

### III. CONCLUSION

For the reasons set forth above, Respondents Motion for Reconsideration (Doc. 96) will be denied, Petitioner's Objections (Doc. 101) will be denied, and Petitioner's Motion for Costs (Doc. 98) will be denied without prejudice. An appropriate order follows.